VICENS ET AL., PROMOVENTES Y APELADOS, *v.* CRUZ ET AL., OPOSITORES Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en un caso sobre administración judicial de bienes de un difunto.

No. 1028.—Resuelto en marzo 26, 1914.

ADMINISTRACIÓN JUDICIAL—JURISDICCIÓN DE LAS CORTES DE DISTRITO.—De acuerdo con el artículo 23 de la Ley de Procedimientos Legales Especiales de 1905, la corte del distrito de la última residencia del finado o en el que radican sus bienes, tiene jurisdicción para conocer de la administración judicial de los bienes de un finado.

ID.—TRASLADO A OTRO DISTRITO—PRUEBA CONTRADICTORIA DE LA RESIDENCIA DEL FINADO.—Cuando se pide el traslado de un procedimiento de administración judicial de los bienes de un finado a otro distrito, porque la última residencia estaba dentro del otro distrito, y la corte resuelve la contradicción en la prueba declarando que la residencia estaba dentro de su distrito, este tribunal no irá contra esa apreciación.

ID.—DEFENSOR JUDICIAL—NOMBRAMIENTO DE TUTOR.—La petición hecha a un tribunal para que se nombre defensor judicial a un menor y tutor a otro, no implica necesariamente la iniciación de un procedimiento sobre administración judicial, y no impide, por tanto, que se promueva el procedimiento de administración judicial en otro distrito al cual correspondía la última residencia del finado.

Los hechos están expresados en la opinión.

Abogado de los apelados: *Sr. Gustavo Rodríguez.*

Abogado de los apelantes: *Sr. José Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Margarita Vicens, viuda de Rafael Cruz, promovió en el Tribunal de Distrito de Ponce un procedimiento sobre administración judicial de los bienes dejados por su difunto consorte alegando entre otras cosas, que la muerte de éste había ocurrido en Guánica donde tuvo su último domicilio y residencia. Posteriormente, Rafael Cruz Santiago o Mora, uno de los hijos del primer matrimonio del finado, pidió a dicho tribunal que se declarase incompetente para conocer de esas diligencias y las trasladase al Tribunal de Distrito de Mayagüez, fundado en que si bien su padre había fallecido en Guánica,

era vecino de Lajas donde siempre tuvo su domicilio y también porque la viuda promovente de las diligencias había acudido con anterioridad al Tribunal de Distrito de Mayagüez, del que obtuvo el nombramiento de un defensor para su hijo menor de edad y el de un tutor para otros hijos naturales reconocidos del causante.

Celebrada la vista y pruebas de esa petición el Tribunal de Distrito de Ponce dictó resolución en la que, estimando satisfactoriamente probado que Guánica fué el último domicilio y residencia del finado Rafael Cruz y que allí dejó bienes de alguna consideración, declaró que era competente para conocer del asunto y negó el traslado interesado. La apelación interpuesta contra esta resolución es la que motiva el presente recurso.

Dos son los motivos de error que contra ella se alegan, a saber: que el tribunal inferior carece en absoluto de jurisdicción porque el último domicilio del finado fué dentro del distrito de Mayagüez y que aunque ambos tribunales tuvieran jurisdicción concurrente, el de Mayagüez había adquirido ya jurisdicción por haber acudido a él la viuda con las peticiones para nombramiento de defensor y de tutor.

Respecto al primer motivo, habiendo resuelto el juez inferior la contradicción de la prueba sobre ese extremo en el sentido de que el último domicilio de Rafael Cruz fué el de Guánica, hemos de dar por cierto ese hecho. Por tanto, como el artículo 23 de la Ley de Procedimientos Legales Especiales confiere jurisdicción para conocer de la administración judicial de los bienes de un finado al tribunal de distrito de su última residencia o al en que radiquen sus bienes, tenía jurisdicción el de Ponce porque habiendo sido la última residencia del finado en Guánica dentro de su demarcación judicial, a él se presentó la solicitud.

En cuanto al segundo motivo del recurso, las peticiones de Margarita Vicens al Tribunal de Distrito de Mayagüez para que nombrase defensor judicial a su hijo menor de edad y un tutor para los hijos naturales que había reconocido su cón-

yuge, no iniciaron el juicio de *ab-intestato* porque tales peticiones no llevan como necesaria consecuencia la administración judicial, la que comienza con la petición que de ella se hace y de la cual se derivan los demás trámites marcados por la ley hasta su conclusión. Así, pues, las únicas diligencias de esa naturaleza son las que han motivado esta apelación, iniciadas ante tribunal que tenía jurisdicción.

La resolución apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.